# EXHIBIT A

To:           From: State Farm          Fax: ISC East FOIP (Secon    KOFAX at: 16-10-31-11:13  Doc: 478  Page: 008

Filing # 47523305 E-Filed 10/12/2016 02:08:07 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

CODY M. WOERNER and SAMANTHA M. WOERNER, his wife,

    Plaintiff,

vs.

SARA ESPITIA and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant,
_____/

## COMPLAINT

COME NOW the Plaintiffs, CODY M. WOERNER and SAMANTHA M. WOERNER, his wife, by and through their undersigned counsel, and sues the Defendants, SARA ESPITIA and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. That at all times material to the cause herein, the Plaintiff, CODY M. WOERNER, is and was a resident of Palm Beach County, Florida.

3. That at all times material to the cause herein, the Defendant, SARA ESPITIA, is and was a resident of Palm Beach County, Florida.

4. That at all times material herein, the Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, (herein after referred to as "**STATE FARM**"), was a Foreign

Corporation licensed to do business in the State of Florida, and was the uninsured motorist carrier for the Plaintiff.

5. That the Plaintiff and the insured have satisfied all conditions precedent to the filing of this suit for underinsured motorist benefits.

## COUNT I – NEGLIGENCE AGAINST SARA ESPITIA

6. The Plaintiff hereby realleges and reavers all the General Allegations contained in paragraphs 1 through 5 above, as though fully set forth herein.

7. That on or about May 30, 2015, the tortfeasor, SARA ESPITIA was the driver of a 2015 Chrysler 200S motor vehicle, VIN# 1C3CCCBBXFN641550, bearing tag number 684RJK, at or near Lantana Road and Grand Lacuna Boulevard, in Lake Worth, Palm Beach County, FL.

8. At the time and place aforementioned, the Defendant, SARA ESPITIA, so negligently operated and maintained the motor vehicle so as to cause it to come into contact with a motor vehicle operated by CODY M. WOERNER.

9. That as a direct and proximate result of the negligence of the Defendant, SARA ESPITIA, Plaintiff, CODY M. WOERNER, driver in the vehicle, was injured, and has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, CODY M. WOERNER, demands judgment for damages plus costs and interest against the Defendant, SARA ESPITIA, and further demands trial by jury.

2

## COUNT II – CLAIM FOR UNINSURED/UNDERINSURED MOTORIST BENEFITS AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

10. The Plaintiff realleges and reavers all of the General Allegations as set forth above and further alleges:

11. That the Defendant, STATE FARM, provided underinsured motorist coverage which would apply to the Plaintiff, as an insured on the policy #D158849594. A copy of the Dec sheet with the allegedly valid UM selection form is attached as "**Exhibit A**".

12. That the tortfeasor, SARA ESPITIA, was "under insured" as defined under Florida Law and the State Farm policy.

13. The Plaintiff has furnished the Defendant, STATE FARM, with timely notice of the collision, proof of claim, and has otherwise performed all conditions precedent to recovery under the policy, but the Defendant, STATE FARM, has refused and continues to refuse to pay Plaintiff for the entire loss and damages.

14. As a result of the aforesaid negligence of the negligent driver, the Plaintiff, CODY M. WOERNER, has suffered: bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and CODY M. WOERNER will suffer the losses in the future.

15. WHEREFORE, Plaintiff, CODY M. WOERNER, demands judgment for damages and costs against Defendant, STATE FARM, for compensatory damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), prejudgment interest and costs allowed by law. Plaintiff further demands a trial by jury of all issues so triable.

3

## COUNT III

## VIOLATIONS OF FLA. STAT. § 624.155

16. Plaintiff re-alleges Paragraphs 1 through 15 as if they had been set forth in their entirety herein.

17. This claim will ripen upon the determination by the Court or by confession of judgment by Defendant, STATE FARM, that Plaintiff is entitled to a sum in excess of the limit of uninsured motorist benefits under the applicable policy. See: *Safeco Ins. Co. v. Beare*, 152 So.2d 3d 614 (Fla. 4th DCA 2014).

18. Plaintiff timely reported the claim to Defendant, STATE FARM, and otherwise complied with all of the insured's obligations under the contract.

19. On April 7, 2016, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("**CRN**") for STATE FARM Claim No. 59-39W6-138 (Policy No. D15884959), with the Florida Department of Insurance and served a copy of the CRN upon Defendant, STATE FARM. A copy of the CRN is attached hereto as "**Exhibit B**." The Defendant, STATE FARM failed to cure their bad faith within the applicable time period.

20. As a result of the injuries caused by the negligence of the uninsured motorist and the relationship between the parties under the policies, STATE FARM owed a duty to the Plaintiff to attempt in good faith to settle Plaintiff's uninsured motorist claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interests. STATE FARM further owed to Plaintiff a duty to refrain from engaging in unfair claim settlement practices.

21. Defendant, STATE FARM, breached its duties to Plaintiff CODY M.

4

WOERNER, in violation of Section 624.155 of the Florida Statutes, in one or more of the following ways:

a) Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.

b) Making a material misrepresentation to the Plaintiff, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy.

c) Failing to adopt and implement standards for the proper investigation of claims.

d) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.

e) Failing to acknowledge and act promptly upon communications with respect to claims.

f) Denying claims without conducting reasonable investigations based upon available information.

g) Failing to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed.

h) Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement.

i) Failing to promptly notify the insured of any additional information necessary for the processing of a claim.

j) Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.

k) Knowingly collecting any sum as a premium or charge for insurance, which is not then provided, or is not in due course to be provided, subject to acceptance of the risk by the insurer, by an insurance policy issued by an insurer as permitted by this code.

22. The acts complained of herein constituted STATE FARM's general business practices in that they: (a) were expressions of, and in compliance with, standard company practices and procedures; (b) are said by STATE FARM to be in conformity with what it

5

contends are standard and good faith claims practices, and consequently or incidentally; and/or (c) occur with such a frequency as to indicate general business practices. As a direct and proximate result of STATE FARM's actions and/or inactions as set forth above, Plaintiff suffered damages.

23.  STATE FARM failed to cure its bad faith, and more than sixty (60) days has passed since the filing and service date of the CRN described in Paragraphs 14.

24.  As a result of STATE FARM's failure to act in good faith and statutory violations alleged above, Plaintiff CODY M. WOERNER is entitled to recover the total amount of any damages pursuant to 627.727(10), Florida Statutes, including all damages suffered as a result of the collision and all damages caused by STATE FARM's failure to act in good faith and statutory violations alleged above.

25.  STATE FARM's violation of section 624.155, Florida Statutes, has caused damages to Plaintiff CODY M. WOERNER, including: interest on unpaid benefits, any value of the claim in excess of insurance policy limits, pre-judgment interest accrued, attorney's fees incurred by Plaintiff in the prosecution of his claim for uninsured motorist benefits and pre-judgment interest thereon; costs incurred in the prosecution of Plaintiffs claim for uninsured motorist benefits, including expert witness fees; costs incurred in the prosecution of Plaintiffs claim for violation of section 624.155, Florida Statutes; post judgment interest.

26.  As further direct and proximate result of STATE FARM's failure to act in good faith and statutory violations alleged above, Plaintiff CODY M. WOERNER had to retain the services of the undersigned attorneys and/or other attorneys and has contracted with them for the payment of their attorney's fees to bring this action and recover excess damages owed by STATE FARM. By operation of law, including section 627.428, Florida Statutes, STATE FARM, will be

6

obligated to pay those fees upon the successful conclusion of the Plaintiff's claim.

27. All conditions precedent to Plaintiffs rights to bring this action have occurred or have been satisfied.

WHEREFORE, Plaintiff CODY M. WOERNER demands judgment against Defendant, STATE FARM, for the total damages suffered by Plaintiff, pre-judgment and post-judgment interest, attorneys' fees pursuant to sections 624.155, 627.727(1), and 627.428, Florida Statutes, costs, and any other relief this Court deems proper. **Trial By Jury is demanded of all issues so triable by right.**

## COUNT IV – LOSS CONSORTUM CLAIM OF SAMANTHA M. WOERNER AGAINST ALL DEFENDANTS

30. The Plaintiff hereby realleges and reavers all allegations contained in paragraphs 1 through 9 above, as though fully set forth herein.

31. That at all times material to the cause herein, the Plaintiffs, CODY M. WOERNER and SAMANTHA M. WOERNER, his wife, were living together as husband and wife.

32. As a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff, SAMANTHA M. WOERNER, has suffered in the past and will continue to suffer for an indefinite time in the future the deprivation of the consortium and services of her husband, CODY M. WOERNER, who prior to the incident herein, had been in good health and fully capable of performing any of her household and family relationship duties, but now cannot, or is limited in doing so.

WHEREFORE, Plaintiff, SAMANTHA M. WOERNER, demands judgment for the damages plus costs and interest against all Defendants, and further demands trial by jury.

DATED: October 12, 2016.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
Attorneys for Plaintiff
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
(561) 697-4440
(561) 687-1950 - Facsimile

By: _____
JEFFREY D. KIRBY, ESQ.
FL Bar No.: 860654
Please send e-mail to all three:
Service@800goldlaw.com
JKirby@800goldlaw.com
EGreczel@800goldlaw.com

8

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

**State Farm**

June 23, 2015

Craig Goldenfarb PA
1800 S Australian Ave Ste 400
West Palm Bch FL 33409-6450

State Farm Claims
PO Box 106171
Atlanta GA 30348-6171

RE:  Claim Number:   59-39W6-138
     Date of Loss:   May 30, 2015
     Our Insured:    Debra & Daniel MC Nellen
     Your Client:    Cody Woerner

To Whom It May Concern:

We are in receipt of your request for policy information. In response to your request and in accordance with the recent decision by the Florida 5th DCA in *Progressive v. Rural Metro Ambulance (Nov. 14, 2008)*, please find insurance information regarding policy number ▮▮▮▮▮▮▮▮▮ on the below listed vehicle for the above date of loss.

Year: 2003   Make/Model: FORD FOCUS

Vehicle Id Number: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The name of the insurer:    State Farm Mutual Automobile Insurance Company

Named Insured(s):    Debra & Daniel MC Nellen

Coverages:   A 100/300/100,P10,D500,G500,H,R1 80%/1000,U3 100/300

    A/B - BI/PD Liability (BI per person/BI per accident/PD)
    P - Personal Injury Coverage
    C - Medical Payments Coverage
    D - Comprehensive
    G - Collision
    H - Emergency Road Service
    R - Rental Coverage
    U - Uninsured Motorist - Stacking
    U3 - Uninsured Motorist - Non-Stacking
    S - Death, Dismemberment and Loss of Sight

PLAINTIFF'S EXHIBIT A

The coverages you chose are shown on the declaration page of your policy and the application of those coverages to this loss is determined by the language of your policy contract and endorsements.

59-39W6-138
Page 2
June 23, 2015

The applicable UM Selection/Rejection form is attached.

Policy or coverage defenses known to the Company at this time:
None

Umbrella or excess insurance known to the Company at this time:
None

I trust this information will satisfy your request. However, should you need further assistance, please contact Jen Dawson at (844) 292-8615 Ext. 8633183285.

Sincerely,

Jen Dawson
Claim Specialist
(844) 292-8615 Ext. 8633183285

State Farm Mutual Automobile Insurance Company

Enclosure: UM Selection/Rejection form

For a complete description of the terms, conditions and exclusions applicable to each specific coverage and to determine the coverages that are included in your policy, PLEASE READ YOUR POLICY, INCLUDING ITS DECLARATIONS PAGE, AND ALL ENDORSEMENTS CAREFULLY. These specific terms, conditions, and exclusions control. In providing the above information, we, the State Farm Mutual Automobile Insurance Company, do not intend to waive any policy terms, conditions or exclusions nor do we intend to waive any unstated policy defenses, but rather we specifically reserve all our rights including our right to assert any such policy terms, conditions, exclusions or defenses at any time.

**State Farm**
State Farm Mutual Automobile Insurance Company
State Farm Fire and Casualty Company

### Florida Uninsured Motor Vehicle Coverage - Selection/Rejection

**YOU ARE ELECTING NOT TO PURCHASE CERTAIN VALUABLE COVERAGE WHICH PROTECTS YOU AND YOUR FAMILY OR YOU ARE PURCHASING UNINSURED MOTORIST LIMITS LESS THAN YOUR BODILY INJURY LIABILITY LIMITS WHEN YOU SIGN THIS FORM. PLEASE READ CAREFULLY.**

Uninsured Motor Vehicle coverage provides for payment of certain benefits for damages caused by owners or operators of uninsured motor vehicles because of bodily injury or death resulting therefrom. Such benefits may include payments for certain medical expenses, lost wages, and pain and suffering, subject to limitations and conditions contained in the policy. For the purpose of this coverage an uninsured motor vehicle may include a motor vehicle as to which the bodily injury liability limits, if any, are less than your damages.

This coverage can be purchased in either a "stacking" form or, for a reduction in premium, a "non-stacking" form. "Stacking" is not available for policies with a named insured that is not a natural person.

If you select the Stacking option, and you or a resident family member are injured by an uninsured motorist, and the injured person's damages exceed the limits of the policy on the motor vehicle which the injured person is occupying, the injured person can add the coverage under two or more household policies to determine the limit of coverage that may be available to him/her.

If you select the Non-Stacking option and you or a resident family member are injured by an uninsured motorist, except as provided in 1. below, the injured person may not add together coverage under two or more household policies to determine the total limits of coverage that may be available to him/her. Except as provided in 1. below, the coverage available to the injured person is only the coverage available as to that motor vehicle he/she was occupying. The non-stacking form is also subject to the following:

1. If the injured person is occupying a motor vehicle not owned by him/her or a family member who resides with him/her, he/she may add to the coverage on this car occupied the highest limits of coverage afforded for any one vehicle insured by him/her or any family member who resides with him/her.
2. If the injured person is occupying a motor vehicle owned by him/her or a family member who resides with him/her, there is no coverage if uninsured motorist coverage was not purchased on that vehicle.
3. If the injured person is not occupying a motor vehicle at the time of the accident, he/she may select the coverage afforded for any one vehicle insured by him/her or any family member who resides with him/her. No other policy will apply.

**Selection/Rejection of Coverage**

Florida law requires that motor vehicle liability policies include "stacking" Uninsured Motor Vehicle coverage, unless you select "non-stacking" coverage. "Stacking" is not available for policies with a named insured that is not a natural person. The selected coverage must be at limits equal to the Bodily Injury Liability coverage limits in your policy, unless you select lower limits of coverage. You also have the right to reject Uninsured Motor Vehicle coverage. Select one of the options below:

☐ I hereby reject all forms of Uninsured Motor Vehicle coverage.

☒ I hereby reject the stacking form of Uninsured Motor Vehicle coverage and, instead, select the non-stacking form of Uninsured Motor Vehicle coverage with limits equal to my Bodily Injury Liability coverage limits.

☐ I hereby reject Uninsured Motor Vehicle coverage with limits equal to my Bodily Injury Liability coverage limits and, instead, select the stacking form of Uninsured Motor Vehicle coverage with lower limits of $ _____ / $ _____.

☐ I hereby reject Uninsured Motor Vehicle coverage with limits equal to my Bodily Injury Liability coverage limits and, instead, select the non-stacking form of Uninsured Motor Vehicle coverage with lower limits of $ _____ / $ _____.

I understand and agree that this selection or rejection of Uninsured Motor Vehicle coverage applies to my policy of liability insurance and future renewals or replacements of such policy which are issued at the same Bodily Injury Liability coverage limits. If I decide to change my selection or rejection of Uninsured Motor Vehicle coverage, I must let the Company know in writing.

| 2007 | FORD FUSION | | |
|---|---|---|---|
| Year of Vehicle | Make and Model of Vehicle | | |
| [redacted] | | [redacted] | [redacted] |
| | Application/Policy Number | | Agent Code |

MC NELLEN, DEBRA & GARY C
Named Insured(s) (as appearing on the application or policy)

*Debra M[signature]*     9/17/2014
Signature of Any Named Insured (If a Business, a Company Representative should print and sign here)     Date

1001254 FL.13     2002 140553 202 05-14-2014

## Civil Remedy Notice of Insurer Violations

| Filing Number: | 299558 |
| --- | --- |
| Filing Accepted: | 11/2/2015 |

- Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| Name: | CODY WOERNER |
| --- | --- |
| Street Address: | |
| City, State Zip: | |
| Email Address: | |
| Complainant Type: | Insured |

### Insured

| Name: | DEBRA & SAMANTHA MCNELLEN |
| --- | --- |
| Policy #: | |
| Claim #: | |

### Attorney

| Name: | DONALD VOLLENDER |
| --- | --- |
| Street Address: | 1800 S. AUSTRALIAN AVE. STE 400 |
| City, State Zip: | WEST PALM BEACH, FL 33409 |
| Email Address: | |

### Notice Against

| Insurer Type: | Authorized Insurer |
| --- | --- |
| Name: | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |
| Street Address: | |
| City, State Zip: | |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**JEN DAWSON**

| Type of Insurance: | Auto |
| --- | --- |

PLAINTIFF'S EXHIBIT B

DFS-10-363
Rev. 11/2007

## Civil Remedy Notice of Insurer Violations

Filing Number: 299558

### Reason for Notice

Reasons for Notice:

- Claim Denial
- Claim Delay
- Unsatisfactory Settlement Offer
- Unfair Trade Practice

PURSUANT TO SECTION 624.155, F.S. please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
| 626.9541(1)(i)(2) | A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy. |
| 626.9541(1)(i)(3)(a) | Failing to adopt and implement standards for the proper investigation of claims. |
| 626.9541(1)(i)(3)(b) | Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. |
| 626.9541(1)(i)(3)(c) | Failing to acknowledge and act promptly upon communications with respect to claims. |
| 626.9541(1)(i)(3)(d) | Denying claims without conducting reasonable investigations based upon available information. |
| 626.9541(1)(i)(3)(e) | Failing to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed. |
| 626.9541(1)(i)(3)(f) | Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement. |
| 626.9541(1)(i)(3)(g) | Failing to promptly notify the insured of any additional information necessary for the processing of a claim. |
| 626.9541(1)(i)(3)(h) | Failing to clearly explain the nature of the requested information and the reasons why such information is necessary. |
| 626.9541(1)(o)(1) | Knowingly collecting any sum as a premium or charge for insurance, which is not then provided, or is not in due course to be provided, subject to acceptance of the risk by the insurer, by an insurance policy issued by an insurer as permitted by this code. |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

DFS-10-363
Rev. 11/2007

THIS COVERAGE PAYS FOR BODILY INJURIES TO YOU, FAMILY MEMBERS  CERTAIN OTHERS, RESULTING FROM THE NEGLIGENCE OF OTHERS. IT PAYS WHEN THE AT FAULT PARTY HAS NO LIABILITY INSURANCE OR LIABILITY COVERAGE WITH LIMITS NOT ADEQUATE TO PAY FOR DAMAGES INCURRED OR IF INJURIES RESULT FROM A HIT AND RUN.

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ISSUED AN AUTOMOBILE LIABILITY POLICY TO DEBRA & SAMANTHA MC NELLAN, POLICY # D158849594. CODY WOERNER WAS INJURED IN A MOTOR VEHICLE CRASH DUE TO THE NEGLIGENCE OF AN UNDERINSURED MOTORIST WHICH RESULTED IN SIGNIFICANT AND PERMANENT INJURIES AND DAMAGES. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY HAS FAILED TO MAKE A SATISFACTORY SETTLEMENT OFFER WHEN UNDER ALL THE FACT AND CIRCUMSTANCES, THEY COULD AND SHOULD HAVE DONE SO, HAD THEY ACTED FAIRLY AND HONESTLY TOWARD THEIR INSURED AND WITH DUE REGARD FOR THE INSURED'S INTERESTS. THE LAW OFFICES OF CRAIG GOLDENFARB, P.A. BELIEVES THAT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY 'S VIOLATIONS OCCUR WITH SUCH FREQUENCY AS TO INDICATE A GENERAL BUSINESS PRACTICE; THE ACTS ARE WILLFUL, WANTON, MALICIOUS AND IN RECKLESS DISREGARD OF THE GENERAL RIGHTS OF THE INSURED.

| Comments | | |
|---|---|---|
| User Id | Date Added | Comment |
|  |  |  |

DFS-10-363
Rev. 11/2007

To:  From: State Farm   Fax: ISC East FOIP (Secon   KOFAX at: 16-10-31-11:13   Doc: 478   Page: 022

11/2/2015                                             Civil Remedy Filing

JEFF ATWATER · FLORIDA'S CHIEF FINANCIAL OFFICER

## Civil Remedy Notice of Insurer Violations

gcarbonell@800goldlaw.co

Home  Create Filing  Search Filings  Subscriptions  Change Password  Help/FAQ                    Logo

Filing number 299558 is accepted.

Filing Accepted 11/2/2015

Notice of Acceptance of this "Civil Remedy Notice of Insurer Violation" confirms the submission has met the specificity standards for acceptance by the automated system. The system specificity standards validate only that the required fields on the form contain data. The standards do not evaluate the quality or detail of the data. Acceptance of this on-line form by the system confirms the Department's receipt of the notice form. Acceptance by the system does not, however, fulfill the requirement that the authorized insurer be given 60 days' written notice of the violation. The "Print Filing" option below will provide you with a hard copy of the accepted "Civil Remedy Notice of Insurer Violation" form which can be sent to the insurer to comply with this portion of the law.

Print Filing

https://apps.fldfs.com/CivilRemedy/ConfirmFiling.aspx?fid=299558&visibility=New                    1/1